16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 William DOUGHERTY, Plaintiff-Appellant,
v.
PARSEC, INC.; Truck Drivers, Chauffeurs and Helpers Local
Union No. 100, Affiliated with the International Brotherhood
of Teamsters, Chauffeurs, Warehousemen and Helpers of
America, AFL-CIO, Defendants-Appellees.
 No. 92-4284.
 United States Court of Appeals, Sixth Circuit.
 Jan. 21, 1994.
 
 Before: MERRITT, Chief Judge; NELSON and BOGGS, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 This is an appeal from summary judgment dismissing plaintiff's claim under Sec. 301 of the Labor Management Relations Act of 1947 (LMRA) that his employer, Parsec, Inc., discharged him in violation of the National Master Freight Agreement and Central States Area Local Supplemental Agreement, the applicable collective bargaining agreement (CBA). Plaintiff contends that he was not given adequate warning prior to his discharge under Article 46 of the CBA[1] and that the grounds for his discharge did not constitute "just cause." Plaintiff also alleges that his union, Local 100, acted in bad faith by representing him in the grievance procedures in a perfunctory manner and by neglecting to raise a warning notice argument. In order to succeed, he must prevail with respect to both elements of his claim. Vaca v. Sipes, 386 U.S. 171, 190 (1967).
 
 
 2
 The Magistrate Judge's Report and Recommendation thoroughly details the facts of this case; we review them only briefly. On August 8, 1984, plaintiff was involved in an accident in which he was at fault and for which his employer issued him a warning notice. On March 21, 1985, plaintiff accidently hit a trailer with the crane he was operating, causing in excess of $1,000 damage. The employer again issued plaintiff a warning letter, stating:
 
 
 3
 This is the second chargeable accident in eight months.... You are admonished to be more careful in the future and should you be involved in another accident in the future, the company will have no recourse but to recommend appropriate disciplinary action.
 
 
 4
 On June 20, 1985, plaintiff was involved in a third accident when dust blew in his eyes causing him to temporarily lose control of his crane which again hit a trailer, causing in excess of $1,000 worth of damage. As a result, his employer scheduled a hearing in order to review plaintiff's overall work record.
 
 
 5
 During this entire period, the employer was under contract to load tractor trailers onto railroad cars for Seaboard Coast Lines at Seaboard's Cincinnati, Ohio railroad yard. Seaboard requested a staff meeting to discuss various problems concerning Parsec's services and this was held immediately prior to plaintiff's disciplinary hearing. At this meeting, Seaboard manager Thomas Washnock raised his concern that the employer's union problems were interfering with work performance. This concern stemmed from an earlier confrontation between plaintiff and union steward Harlin Hall which allegedly had upset Hall to the extent that he could not adequately perform his duties. When the employer opened the staff meeting for employee discussion, plaintiff complained that he was being treated unfairly under the existing procedure for obtaining overtime. While speaking to the other employees, plaintiff used rough language including curse words. When Washnock told plaintiff not to speak to other employees in such a manner, plaintiff responded, "Who do you think you are, Jesus Christ? I can talk to these men any way I want to." At this point Washnock left the meeting.
 
 
 6
 Plaintiff's disciplinary hearing immediately followed, at which Otto Budig, an owner of Parsec, discussed plaintiff's two most recent accidents. He then requested that plaintiff apologize to Washnock for his outburst at the earlier meeting. When plaintiff refused, Budig fired him. Washnock later informed Budig that plaintiff would not be permitted to enter Seaboard's property. Plaintiff admits that his union representatives neither said nor did anything inappropriate during the disciplinary hearing and that there was nothing that they failed to do on his behalf at this time. Later that day, Budig wrote a letter to plaintiff regarding the reasons for his termination, which included the two accidents, the confrontation with Hall and plaintiff's conduct during the staff meeting.
 
 
 7
 With the assistance of Blaine Johnson, the business representative for Local 100, plaintiff drafted a formal grievance in response to his termination which stated:
 
 
 8
 I was discharged on Thursday, June 27, 1985 at a hearing on my over-all work record. I protest this unfair and unjust action. [My claim is] to be reinstated with full seniority and to be paid for all time lost plus all fringe benefits.
 
 
 9
 Pursuant to the CBA procedures, plaintiff's grievance was heard by the Cincinnati Local Joint Grievance Committee, which is composed of an equal number of union and management representatives. Johnson represented plaintiff at the hearing and asserted that it was the union's position that plaintiff had been wronged and should be reinstated. In addition, Hall testified that his confrontation with plaintiff was not serious and had not affected his work. The Cincinnati Panel deadlocked and the grievance was referred to the Ohio Joint State Committee in Columbus.
 
 
 10
 The State Panel is also composed of equal numbers of union and management representatives. Johnson and plaintiff again presented plaintiff's case, but at this hearing Johnson did not specifically indicate that the union supported plaintiff. In addition, Hall did not testify and refused to comment when the Panel questioned him regarding the confrontation. At the hearing, the Panel Chairman asked plaintiff if he had hit the trailer. Plaintiff stated that he had and the Chairman replied, "That's all I want to know." The State Panel unanimously determined that plaintiff's discharge did not violate the CBA.
 
 
 11
 Plaintiff interprets Article 46 to require that the subject matter of the complaint in the warning notice and the grounds for dismissal be the same. He was warned only about the accident and therefore contends that his discharge could not properly be based on his confrontation with Hall or his behavior at the staff meeting. He argues that since the discharge was based on a combination of factors, as Parsec's June letter indicates, it violates Article 46.
 
 
 12
 Defendants interpret Article 46 less restrictively and contend that the notice given was adequate. The State Committee, whose conclusion about the customs and rules of the workplace is entitled to deference, apparently reached the same conclusion. The Magistrate agreed, finding that the purpose of the notice requirement was "to create a period of probation during which a single, nonserious instance of misconduct can result in suspension or discharge." (citing Miller v. Gateway Transp. Co., 616 F.2d 272, 276 & n. 9 (7th Cir.1980)). The Magistrate also noted, correctly, we believe, that the parties' prevailing practice was to permit charges to be based on an employee's overall work record without the requirement that a warning notice be issued for every incident that had occurred, so long as both the company and the union had an adequate opportunity to express their views at a subsequent hearing. Plaintiff was afforded such a hearing in this case. His employer warned him that another accident would result in disciplinary measures. The fact that additional factors influenced the employer's determination regarding the type of action to take does not diminish the sufficiency of the warning.
 
 
 13
 Plaintiff further contends that even if the latest accident was presumed to be the sole basis for his discharge it would be improper because it was the practice of the company to discharge only those employees involved in three chargeable accidents within a nine-month period. Under such a policy, plaintiff would not have been dismissed because his accidents spanned more than nine months. Plaintiff's assumption is incorrect. A departure from such a practice does not constitute a breach of the agreement in this case in view of plaintiff's confrontation with Washnock and the fact that he had also been involved in other accidents. There were a combination of factors which, taken together, constitute "just cause." We therefore find that Parsec did not breach the CBA when it discharged plaintiff. Since such a breach is an essential element of plaintiff's claim, we need not reach the question of whether or not the union's representation was fair. We have reviewed plaintiff's other arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Article 46 states that "the Employer shall not discharge nor [sic] suspend any employee without just cause, but in respect to discharge or suspension shall give at least one (1) warning notice of the complaint against such employee to the employee, in writing...."